UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHN MARVIN BALLARD,<br><br>　　　　Defendant. | CASE NO. CR06-0283-JCC<br>　　　　　　　CR05-0168-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's Motions in Limine (Dkt. Nos. 56, 100) and the Government's Response (Dkt. No. 63, 102). The Court has carefully considered these papers and the balance of relevant materials in the case file, and has determined that oral argument is not necessary. The Court reminds the parties that, notwithstanding the following rulings, the Court will entertain pertinent objections as they arise at trial. The Court rules as follows.

**I.　Defendant's Request that the Court Require the Government to Produce All Witness Statements as Soon as Practicable and No Later than May 5, 2008, at the Noon Recess**

Defendant requests that the Government be required to produce all witness statements governed by the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2, as soon as practicable and no later than noon on the first day of trial. (Def.'s Mot. 1–2 (Dkt. No. 56).) Additionally, Defendant includes in his

ORDER – 1

request all notes used by witnesses when testifying before the grand jury. (*Id.* at 2.)[1]

Statements made by prospective government witnesses are not discoverable except as provided by the Jencks Act, 18 U.S.C. § 3500. *See* FED. R. CRIM. P. 16(a)(2). Under the Jencks Act:

> [a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.

18 U.S.C. § 3500(b). Defendant, in his motion in limine, makes a continuing request in order to avoid unnecessary delays during trial to examine the witness statements. (Def.'s Mot. 2.)

The Government does not object to producing the information requested by Defendant before each witness testifies. (Pl.'s Resp. 1.) Accordingly, to the extent that the motion seeks to assert Defendant's continuing request for such information at the appropriate time, the motion is GRANTED. The Government does, however, object to being required to produce this information any earlier. The Court agrees that earlier production is not authorized. The Jencks Act specifies that:

> no statement . . . in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a). The Government also asserts that "'the Jencks Act prohibits the pre-trial disclosure of the witness' statements, even when such statements contain quotations allegedly attributable to the defendant.'" (Pl.'s Mot. 2 (quoting *United States v. Hoffman*, 794 F.2d 1429, 1433 (9th Cir. 1986)).) The Court agrees that this is a correct statement of Ninth Circuit law. *See also United States v. Walk*, 533 F.2d 417, 419 (9th Cir. 1975) ("The mere fact that the witness' statement in this case contains oral

---

[1] Defendant also initially requested that, "in the event that the government calls any probation officers who have testified or produced statements before in federal court about their background, expertise, etc., and these witnesses are asked about that background or expertise during this trial, the defense is entitled to any and all statements of those witnesses[.]" (Def.'s Mot. at 2.) The Government has submitted, however, that Defense counsel advised the Government on April 25, 2008, that the Defense has withdrawn that aspect of the motion. (Pl.'s Resp. 3 (Dkt. No. 63).) Accordingly, the Court DENIES as MOOT that portion of the motion.

ORDER – 2

1  'statements' attributable to the defendant in no way diminishes the recognized governmental interest in
2  protecting the identity of the witness, and the context of the statement, until the time of trial.").
3  Accordingly, to the extent that Defendant seeks the production of witness statements earlier than before
4  each witness testifies, the motion is DENIED.

5        The Government also emphasizes that summaries of interviews conducted by Government agents
6  of witnesses who are not defendants are not "statements" within the meaning of the Jencks Act, and are
7  therefore not subject to production at all. (Pl.'s Resp. 2.) The Jencks Act defines a "statement" as:

> (1) a written statement made by said witness and signed or otherwise adopted or approved by him;
> (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or
> (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

12  18 U.S.C. § 3500(e). The Court agrees that, where the summary is not drafted or otherwise approved by
13  the witness, and does not purport to transcribe in a substantially verbatim fashion the witness' interview,
14  the summary is not a statement within the meaning of the Jencks Act. *See United States v. Claiborne*,
15  765 F.2d 784, 801–02 (9th Cir. 1985), *abrogated on other grounds by Ross v. Oklahoma*, 487 U.S. 81
16  (1988), *as recognized in United States v. Alexander*, 48 F.3d 1477, 1484 (9th Cir. 1995). To the extent
17  that Defendant seeks production of summaries that fit this characterization, the motion is DENIED.

18        The Government also points out that it is not required to produce the statements of non-
19  witnesses, including any witnesses who testified before the grand jury who will not be testifying at the
20  trial. (Pl.'s Resp. 2.) The Court agrees that this statement is in accordance with Ninth Circuit law. *See*
21  *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984) ("Rule 16(a)(2) precludes the court from
22  ordering the government to produce statements of prospective witnesses whom the government
23  subsequently decides not to call at trial."). Accordingly, to the extent that Defendant seeks the statements
24  of non-witnesses at trial, the motion is DENIED.

25  //

26  ORDER – 3

1  II.   **Defendant's Request that the Government be Precluded from Using Any Demonstrative Aids, Charts, Graphs, Timelines, Summaries, or Other Illustrative Exhibits That Have Not Been Shown to Defense Sufficiently In Advance of Trial**

Defendant requests that the Government be precluded from using any demonstrative aids or illustrative exhibits that have not been shown to the Defense sufficiently in advance of trial to permit the Defense to interpose objections. (Def.'s Mot. 2–3 (Dkt. No. 56).) Defendant cites no authority for its request. The Government, in response, agrees to provide Defense counsel access to inspect the Government's exhibits before the trial. (Pl.'s Resp. 3 (Dkt. No. 63).) The Government, however, reserves its right to supplement its exhibits during trial as necessary, and states that it will provide the Defense access to promptly inspect any newly-created trial exhibits as they are created. (*Id.*) Given the Government's agreement to provide Defendant access to its exhibits as stated above, the motion is DENIED as MOOT.

DATED this 5th day of May, 2008.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 4