1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

8
9
10
11
12
13

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

JOHN MARVIN BALLARD,

          Defendant.

CASE NO. CR06-0283-JCC
CR05-0168-JCC

ORDER

14
15
16
17
18
19

    This matter comes before the Court on Defendant's Motion to Recuse the United States Probation Office, Eastern District of California, from Conducting the Presentence Investigation or Preparing the Presentence Reports in These Cases (Dkt. Nos. 85, 109), Plaintiff's Opposition (Dkt. Nos. 87, 112), and Defendant's Reply (Dkt. Nos. 88, 114). The Court has carefully considered these documents and the balance of relevant materials in the case files and has determined that oral argument is not necessary.

20
21
22
23
24
25

    Defendant asserts his belief that he cannot receive fair or impartial treatment in the presentence investigation or preparation of the presentence report if it is conducted by the Eastern District probation office because of Mr. Ballard's long-standing relationship with that office. (Def.'s Mot. 2 (Dkt. Nos. 85, 109).) Defendant cites no binding case law to support his position that the Court should recuse the Eastern District probation office, but refers the Court to a case from the Northern District of Texas in which the court analyzed the request for recusal of a particular probation officer by holding that officer

26

ORDER – 1

1    to the standard of impartiality required for judges pursuant to 28 U.S.C. § 455. *See United States v.*

2    *Brooks*, 828 F. Supp. 29, 31 (N.D. Tex. 1993). Section 455 governs the standard by which a *judge* must

3    recuse himself. It does not address the standards by which a probation officer must carry out his or her

4    duties. This is a significant distinction, as it is the judge, not the probation officer, who ultimately

5    balances the opposing parties' arguments, considers the sentencing guidelines and other pertinent

6    information, and makes the final sentencing determination. Moreover, even in *Brooks*, the court did not

7    recuse the probation officer, because there was no showing that her opinions about the defendant were

8    based on anything other than the results of her investigation. *Id*.

9           Federal Rule of Criminal Procedure 32, which sets out the procedures for conducting a

10   presentence investigation and preparing a presentence report, includes safety measures to ensure that the

11   probation office performs its duties in a fair manner, such as by giving defense counsel notice and a

12   reasonable opportunity to attend the presentence investigation interview upon request, and by allowing

13   time for the parties to object to "material information, sentencing guideline ranges, and policy

14   statements contained in or omitted from the report." FED. R. CRIM. P. 32(c)(2), (f). In addition, the

15   probation office must bring to the Court's attention the parties' unresolved objections, if any, to material

16   in the report. FED. R. CRIM. P. 32(g). This procedure ensures that the Court will be made aware of any

17   areas in which the defendant feels he has been treated unfairly before making a final sentencing

18   determination.

19          The Court is not persuaded that Mr. Ballard cannot receive a fair or impartial treatment in a

20   presentence investigation or a presentence report prepared by the Eastern District probation office.

21   Accordingly, the Court DENIES Defendant's motion.

22          DATED this 10th day of June, 2008.

23

24                                                          John C. Coughenour
                                                            UNITED STATES DISTRICT JUDGE
25

26   ORDER – 2