IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CRS-06-283 JAM |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO CORRECT CLERICAL ERROR |
| v. | |
| JOHN MARVIN BALLARD, | |
| Defendant. | |

This matter is before this Court on Defendant John Marvin Ballard's ("Defendant's") motion to correct a clerical error in his sentence pursuant to Federal Rule of Criminal Procedure 36. Plaintiff United States of America ("Plaintiff") opposes the motion.[1]

I. FACTUAL AND PROCEDURAL BACKGROUND

On May 26, 2009, Judge John C. Coughenour sentenced Defendant with regard to Defendant's two convictions for violating 18 U.S.C. § 1001(a)(2) (Case No. CRS-06-283). Judge

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(G).

1

Coughenour orally sentenced Defendant to "supervised release for a total of 60 months, subject to standard conditions, together with those additional conditions set forth in the probation office presentence report."

On June 1, 2009, Judge Coughenour signed the written judgment in Defendant's criminal case. On page 3, the terms of the supervised release included a check mark next to the requirement that "the defendant shall register and comply with the requirements in the federal and state sex offender registration agency…"

## II. OPINION

A. Legal Standard

The court has the authority to correct a clerical error in a judgment or order. Fed. R. Crim. P. 36. This includes the authority to "interpret ambiguities in its own orders and judgments." United States v. Spallone, 399 F.3d 415, 418 (2d Cir. 2005).

"Implicit in the very nature of supervised release is that certain conditions are necessary to effect its purpose." United States v. Truscello, 168 F.3d 61, 62 (2nd Cir. 1999). These conditions include the standard conditions of supervised release articulated by the United States Sentencing Guidelines ("U.S.S.G.") § 5D1.3. Id. at 63. Section 5D1.3 imposes mandatory conditions of supervised release, which include a registration requirement for sex offenders. 18 U.S.S.G. § 5D1.3(a)(7)(A),(B).

In order to impose these standard conditions, the court does not need to articulate orally each and every standard

2

condition of supervision.  Id.  Because these standard conditions are almost uniformly imposed by the district courts, "the imposition of these mandatory and standard conditions is deemed to be implicit in an oral sentence imposing supervised release." United States v. Napier, 463 F.3d 1040, 1042 (9th Cir. 2006) (citing Truscello, 168 F.3d at 62). Thus, the written judgment describing the standard conditions merely clarifies "the meaning of that sentence by specifying what the supervision [will] entail." Truscello, 168 F.3d at 63.

B. Analysis

Defendant argues that the written judgment, which requires him to register as a sex offender, does not conform to the oral pronouncement of his sentence. Plaintiff argues that the written judgment and oral pronouncement of the sentencing are not in conflict because Judge Coughenour referred to the standard conditions of supervised release in his oral sentence.

Here, the oral pronouncement and the written judgment are not in conflict, and thus there is no clerical error to correct. In Judge Coughenour's oral pronouncement of Defendant's sentencing, he expressly referred to the uniformly imposed "standard conditions" of supervised release. The court does not need to expressly explain every condition of supervised release. Truscello, 168 F.3d at 63.  Rather, although it may be better practice to advise the Defendant orally of the conditions, the court only needs to refer generally to the mandatory and standard conditions of supervision. Napier, 463 F.3d at 1042.

Defendant has been a sex offender since his conviction in Case No. CRS-99-050 DFL in violation of Chapter 117, 18 U.S.C. §

2423(b) and (f). See 42 U.S.C. § 16911(1) and (5)(A)(iii). The mandatory conditions of supervised release require Defendant to register as a sex offender.  18 U.S.S.G. § 5D1.3(a)(7)(A),(B). Thus, by orally imposing the "standard conditions" of supervised release, Judge Coughenour included this mandatory condition by reference.  Checking this box in the written judgment merely specified this condition of supervised release to which Judge Coughenour referred.  Truscello, 168 F.3d at 63. Accordingly, because there is no clerical error, Defendant's motion should be denied.

### III. ORDER

For the reasons set forth above, Defendant's motion to correct a clerical error is DENIED.

IT IS SO ORDERED.

Dated: March 15, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE