**FILED**

NOV 3 0 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
AT SACRAMENTO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN MARVIN BALLARD,

    Defendant.

No. CR06-0283-JCC

**ORDER**

This matter comes before the Court for re-sentencing. For the reasons explained below, the Court hereby sentences Defendant to a five-year prison term to be followed by thirty-six months of supervised release.

**I. BACKGROUND**

In May 2008, a jury convicted Defendant of two separate counts of making false statements to an officer of the United States in violation of 18 U.S.C. § 1001. (Verdict Form (Dkt. No. 84)). This Court sentenced Defendant to a five-year prison term for each violation to be served concurrently. Defendant's total prison term was therefore five years. (Judgment (Dkt. No. 110)). This Court also imposed thirty-six months of supervised release. (*Id.*).

## A. Offense Conduct

Defendant made the unlawful statements while on supervised release for another crime. Defendant was convicted in 2001 of traveling in interstate commerce for the purpose of having sex with a minor: Starting in 1998, Defendant maintained an internet relationship with an individual whom he believed to be the uncle of a twelve-year-old girl. In fact, the individual was an undercover law-enforcement officer. Defendant arranged a meeting with the officer in December 1998. Defendant expected the meeting to culminate in sexual activity with a young girl which he expected to videotape. In fact, the meeting culminated in his arrest. A search of Defendant's home uncovered scores of computerized child pornography images, scores of pictures of preteen and teenage girls from clothing catalogs, and a note describing the age of consent in California State. Defendant was sentenced to a sixty-three month prison term by the Honorable David Levi, Chief United States District Judge for the Eastern District of California. Judge Levi also imposed thirty-six months of supervised release.

Defendant was released from prison on July 11, 2003. An express condition of his supervised release was that he abstain from using any computer with internet access. On July 31, 2003, Defendant's probation officer surreptitiously followed him to a local public library, where he observed Defendant log onto a computer and browse internet sites containing pictures of young girls. When the probation officer confronted Defendant about this behavior, Defendant offered the unlawful statements, claiming that he had accessed the computer only to send email messages to family and friends.

## B. Post-Offense Conduct

Defendant spent portions of 2006 living in a parole transitional living center. While there, he sent a letter to Kenneth Christian, a convicted sex offender. In the letter, Defendant bemoaned

the conditions of his supervised release, describing the "restrictions" as "damned frustrating." He also offered his observations of the young girls whom he had observed at an airport, saying that there were "some real beauties," and that he had wanted to "join the mile-high club with [one adorable girl who] had looked so delicious." Finally, Defendant also discussed his plans to target a particular sexual partner, saying that he needs to contact "You Know Who" because his "tongue needs to taste that right away." At the time he wrote this letter, Defendant was forty-four years old.

Defendant also maintained two documents while at the living center. The first document is a two-page list of the names and contact information of individuals across the nation who have molested children or who have possessed child pornography. The second document is a list of job opportunities that would require a person to spend an inordinate amount of time with young children.

C. **Previous Crimes**

Defendant has a long criminal history, involving multiple incidents of sexually molesting children and possessing child pornography. He was first arrested in 1985, when he was twenty-three years old, after several female fifth-grade students at the school where he was working as a substitute teacher complained that he had fondled them. Defendant pled guilty to two counts of annoying and/or molesting children, and served a twenty-day jail term followed by three years of supervised release.

Defendant's next encounter with law-enforcement authorities occurred one year later, when he was twenty-four years old. He responded to a personal advertisement seeking someone "interested in corresponding with others interested in the young, [and] in trading or purchasing photos, movies, videos and magazines." The advertisement was placed by undercover

law-enforcement authorities. Defendant responded to the advertisement and sent fourteen images of young females in various states of undress to the undercover officers. In one image, a minor female was exhibiting her genitals. Defendant was convicted of one count of interstate transportation of child pornography and sentenced to five years of probation.

Nine years later, Defendant once again ran afoul of the law. He was arrested after he attempted to enter the bedroom window of a fifteen-year-old girl who was the friend of a twelve-year-old girl whom he was targeting as a potential sex partner. In fact, Defendant had already engaged in phone sex with the young girl by the time of his arrest. Defendant pled guilty to two counts of failing to appear at required court hearings and was sentenced to two years of probation.

## II. PROCEDURAL HISTORY

Defendant appealed his sentence in this case to the Ninth Circuit Court of Appeals. In a memorandum opinion dated July 12, 2010, the Ninth Circuit concluded that this Court had incorrectly calculated his offender score and had therefore incorrectly calculated the sentencing guideline. This Court had calculated a sentencing guideline with a high range of thirty-three months. According to the Ninth Circuit, the correct sentencing guideline has a high range of twelve months. The Ninth Circuit therefore reversed the sentence and remanded the case to this Court for re-sentencing.

The Ninth Circuit issued its mandate on October 15, 2010. Defendant had completed his five-year prison term one day earlier, on October 14, 2010. He nonetheless remains in the custody of the Bureau of Prisons, however, because the United States has commenced a civil lawsuit in North Carolina alleging that he is a sexually dangerous person.

//

## III.   RELEVANT LAW & DISCUSSION

Under 18 U.S.C. § 3553, this Court is required to consider a variety of factors when imposing a sentence. These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," id. § 3553(a)(1), and "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." Id. § 3553(a)(2)(C). This Court is authorized to impose a sentence higher than the guideline range whenever there exist aggravating circumstances not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. Id. § 3553(b)(1).

An upward variance is required in this case. As Chief Judge Levi stated at a hearing held on December 11, 2003, Defendant is an "unreconstructed pedophile" who is "a danger to the community." Defendant's first arrest for sex crimes involving children occurred when he was twenty-three years old, and his criminal history since that initial arrest demonstrates that he is unwilling or unable to change. Since the 1985 arrest, he has been twice arrested for attempting to arrange sexual encounters with children. After one such arrest, law-enforcement agents uncovered computerized child pornography images. He was also arrested once for attempting to have sex with a twelve-year-old girl whom he knew was attending junior high school. After he was released from prison in July 2003, he turned immediately to forbidden computer images.

The documents which Defendant maintained at the transitional living center are troubling in the extreme: They demonstrate that he is attempting to maintain contact with a network of pedophiles and that he ruminates on job opportunities which present the chance to molest children. This is especially troubling given the fact that Defendant first came to the attention of law-enforcement authorities for his behavior while working as a substitute teacher at a junior high school. The letter which Defendant sent to a fellow convicted sexual molester of children is

equally troubling. Defendant discusses his predilection for young girls as if it were typical sexual desire, and evinces neither shame nor a desire to abandon his desires.

Defendant's long history of child abuse, combined with indicia of continued attempts to abuse children, demonstrate that Chief Judge Levi was correct when he concluded that Defendant is unable "to conform himself to the basic dictates of the law and human decency." Because Defendant is unwilling or unable to modify his behavior, he presents a danger to the community's children. An upward variance is therefore justified by Defendant's "history and characteristics," and is necessary in order to "to protect the public from further crimes of the defendant." See 18 U.S.C. § 3553. The Court therefore imposes a prison term of five years for each count, to be served concurrently and with credit for time served. The Court also imposes thirty-six months of supervised release, with the standard conditions together with the conditions recommended by the Probation Officer in the supplemental pre-sentence report.

IV.  CONCLUSION

For the aforementioned reasons, the Court hereby sentences Defendant to a five-year prison term with credit for time served, to be followed by thirty-six months of supervised release.

Because Defendant completed a five-year prison term in this matter on October 14, 2010, he has completed the prison term in this matter.

SO ORDERED this 30th day of November, 2010.

JOHN C. COUGHENOUR
United States District Judge