# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:05-CR-0168-JAM-CMK |
| Respondent, | |
| vs. | |
| JOHN MARVIN BALLARD, | |
| Petitioner. | |
| _____/ | |
| UNITED STATES OF AMERICA, | No. 2:06-CR-0283-JAM-CMK |
| Respondent, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| JOHN MARVIN BALLARD, | |
| Petitioner. | |
| _____/ | |

///

///

1

Petitioner, a federal civil detainee proceeding pro se, brings separate petitions for writs of error coram nobis pursuant to 28 U.S.C. § 1651(a) (Doc. 215 in No. 2:05-CR-0168 and Doc. 184 in No. 2:06-CR-0283).

## I.  BACKGROUND

### A. <u>Direct Criminal Proceedings</u>

Petitioner pleaded guilty to violating 18 U.S.C. § 2423(b), travel in interstate commerce for the purpose of engaging in sexual acts with a minor, and was sentenced to 63 months in prison and a term of supervised release. <u>See</u> <u>United States v. Ballard</u>, No. 2:99-CR-0050. While on supervised release, petitioner was charged with making materially false statements to his probation officer, in violation of 18 U.S.C. § 1001(a)(2). Petitioner pleaded guilty and was sentenced to 15 months in prison with three years of supervised release. <u>See</u> <u>United States v. Ballard</u>, No. 2:05-CR-0168. Petitioner completed the second prison term and was again placed on supervised release on May 26, 2006.

On June 7, 2006, petitioner was arrested and charged with violating the conditions of his supervised release by checking out from the public library a book advocating child sexual molestation, visiting a McDonald's restaurant that included a children's play area, purchasing a magazine containing pictures of children modeling clothing and swimwear, and failing to record these activities in his daily parole journal. Premised on this conduct, petitioner was also charged with violation of 18 U.S.C. § 1001(a)(1), conducting a scheme to conceal a material fact from his probation officer. <u>See</u> <u>United States v. Ballard</u>, No. 2:06-CR-0283. Petitioner was convicted following a jury trial.

Sentencing in No. 06-CR-0283 was combined with the petition to revoke petitioner's supervised release in No. 2:05-CR-0168. On May 26, 2009, the district court revoked petitioner's supervised release in No. 2:05-CR-0168 and imposed an additional 24-month prison term. In No. 2:06-CR-0283 the district court imposed a 60-month term with 36

1 months supervised release. The prison terms were imposed to run concurrently.

2         In a consolidated decision, the Ninth Circuit Court of Appeals affirmed the district court's determination in No. 2:05-CR-0168 that petitioner had violated the conditions of his supervised release, as well as imposition of the 24-month prison term. As to No. 2:06-CR-0283, the Ninth Circuit affirmed the conviction but vacated and remanded for re-sentencing because the district court had relied on an incorrect sentencing guideline in imposing the 60-month term. At a re-sentencing hearing held on November 30, 2010, the district court noted that petitioner had completed serving the originally-imposed prison terms as of October 14, 2010. Despite expiration of his prison terms, petitioner remains in custody pursuant to an order issued by the United States District Court for the Eastern District of North Carolina for petitioner's civil commitment as a sexually dangerous person under the Adam Walsh Act, 18 U.S.C. § 4248.

**B.**     **Collateral Proceedings**

        Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in No. 2:05-CR-0168 arguing, among other things, that his conduct did not violate 18 U.S.C. § 1001(a)(2) because the statement he made to his probation officer was true but incomplete. The motion was dismissed as untimely on September 22, 2010, and the Ninth Circuit declined to issue a certificate of appealability on March 20, 2012.

        Petitioner also filed a § 2255 motion in No. 2:06-CR-0283 but did not raise any issues relating to his underlying conviction for violation of 18 U.S.C. § 1001(a)(1), instead raising only claims related to the sentence. The motion was denied on the merits on November 6, 2013, and petitioner did not appeal.

///
///
///
///
///

## II. DISCUSSION

In the instant petitions for writs of error coram nobis, petitioner argues that the guilty plea in No. 2:05-CR-0168 is invalid because it was not knowing and voluntary. Specifically, he contends that, at the time he entered his guilty plea, he believed that he could be convicted for "lying by omission" even though the "statements he made to his probation officer were literally true. . . ." For the same reason, petitioner argues that the guilty verdict in 2:06-CR-0283 is also invalid. By way of relief, petitioner argues that he should be released from his current civil commitment "[b]ecause he should never have been in federal custody."

A writ of error coram nobis is available in extraordinary circumstances to convicted federal defendants who have completed their sentences. See United States v. Morgan, 346 U.S. 502 (1954); see also Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987). To be eligible for relief, a petitioner must show that there are valid reasons for not attacking the conviction earlier. See Hirabayashi, 828 F.2d at 604. In the instant petitions, petitioner argues that his claim is based on a July 2015 Ninth Circuit case in which the court observed that a literally true statement cannot be considered false regardless of the state of mind of the person making the statement. Petitioner argues that, under this principle, his statement to his probation officer could not be considered false even though they were incomplete and evasive.

Petitioner's argument was previously addressed in the context of his 2255 motion in No. 2:05-CR-0168. In concluding that the motion was untimely, the court found that petitioner knew the factual predicate of his claim at the time he was convicted. Specifically, the court observed:

> Before sentencing in [No. 2:05-CR-0168], movant's appointed counsel filed a sentencing memorandum handwritten by movant, in which movant argued:
>
> . . .I did not do any affirmative act which was false or misleading. I merely did not disclose, until directly asked, that I was also using the computers at the public library. My statements were true. I had been e-mailing my dad and a friend prior to Mr.

4

> Loya observing me. I had been reading newspapers
> and magazines on the days I said so in the daily log.
> This does not constitute a trick, scheme, or device
> on my part.

Given this record, the court concludes that petitioner has failed to demonstrate valid reasons for failing to raise his claim earlier. For this reason, he is not entitled to the extraordinary remedy of a writ of error coram nobis.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that petitioner's petitions for writs of error coram nobis (Doc. 215 in No. 2:05-CR-0168 and Doc. 184 in No. 2:06-CR-0283) be summarily dismissed pursuant to Rule 4 of the Federal Rules Governing Section 2255 Proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 7, 2017

　　　　　　　　　　　　　　　　　　　　
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE