IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>    v.<br><br>JOHN MARVIN BALLARD,<br><br>    Petitioner. | No. 2:06-CR-0283-JAM-CMK<br><br><br><br>ORDER |

Petitioner, a federal civil detainee proceeding pro se, brings this petition for a writ of error coram nobis (Doc. 184). Pending before the court are: (1) petitioner's motion for an extension of time (Doc. 162); (2) petitioner's motion for reconsideration (Doc. 164); petitioner's motion for the appointment of counsel (Doc. 181); and (4) petitioner's objections to the court's August 21, 2017, findings and recommendations (Doc. 188).

In his motion for an extension of time, petitioner seeks additional time to file a reply brief in support of an emergency motion for ex parte relief. Because petitioner's motion for an extension of time was filed <u>after</u> the court ruled on the ex parte request (<u>see</u> minute order at Doc. 161), petitioner's motion is moot.

/ / /

/ / /

/ / /

1

1 | Petitioner seeks reconsideration of the minute order denying his motion for ex
2 | parte relief.  In his ex parte motion, petitioner alleged that the government had improperly
3 | released his pre-sentence report to third parties, specifically the Bureau of Prisons.  In the minute
4 | order, the court concluded that relief was unavailable because:  (1) petitioner may not seek
5 | injunctive relief or money damages in the context of his criminal cases; (2) petitioner did not
6 | present any evidence establishing wrong-doing on the part of the government; and (3) the Bureau
7 | of Prisons was entitled to receive petitioner's pre-sentence report for reasons related to
8 | petitioner's incarceration.  In his motion for reconsideration, petitioner argues that the court
9 | should reconsider the minute order in light of his reply brief.  As discussed above, the court
10 | concludes that petitioner's request for additional time to file the reply brief is moot.  Therefore,
11 | petitioner failed to timely submit his reply brief and such failure does not constitute a grounds for
12 | reconsideration of the court's minute order.

Petitioner seeks the appointment of counsel.  There currently exists no absolute right of counsel in § 2255 or other post-conviction proceedings.  See Irwin v. United States, 414 F.2d 606 (9th Cir. 1969).  While 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require," the court does not find that the interests of justice would be served by the appointment of counsel in this case.

Finally, the Magistrate Judge filed findings and recommendations herein on August 21, 2017, which were served on the parties and which contained notice that the parties may file objections within a specified time.  Petitioner has filed objections.  The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the Magistrate Judge's analysis.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an extension of time (Doc. 162) is denied;
2. Petitioner's motion for reconsideration (Doc. 164) is denied;
3. Petitioner's motion for the appointment of counsel (Doc. 181) is denied;
4. The findings and recommendations filed August 21, 2017, are adopted in full; and
5. Petitioner's petition for a writ of error coram nobis (Doc. 184) is summarily dismissed.

DATED: August 24, 2017

/s/ John A. Mendez
UNITED STATES DISTRICT COURT JUDGE